IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JUSTIN FORD,<br><br>　　　　　　Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:06-CR-833-TC |

On June 9, 2008, the court denied federal prisoner Justin Ford's motion for reduction of his sentence, which he filed based on the U.S. Sentencing Commission's recent retroactive reduction of sentences for crack cocaine offenses. The court denied his motion because Mr. Ford is required to serve a statutorily-imposed mandatory minimum sentence of 120 months, and the sentence reduction would have brought his sentence below the minimum mandatory.

On July 16, 2008, Mr. Ford filed another motion seeking the same relief under 18 U.S.C. § 3582(c)(2). The court treats his motion as a motion for reconsideration.[1] For the reasons set forth below, his motion for reconsideration is denied.

---

[1] Mr. Ford's request for a hearing is denied because no material factor is reasonably in dispute. As for his request for counsel, the court appointed counsel for Mr. Ford on May 28, 2008. (See Docket Text Order (# 130) (specifically appointing counsel for crack cocaine re-sentencing matter).)

## ANALYSIS

If the crack cocaine sentence reduction were to apply in Mr. Ford's case, the guideline range would be 87 to 108 months. But the statutory minimum mandatory sentence for the offense to which Mr. Ford pleaded guilty is 120 months. See 21 U.S.C. § 841(b)(1)(A)(iii). Congress has also mandated that a federal prisoner's sentence may be reduced only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). According to the United States Sentencing Guidelines (U.S.S.G.), "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Imposing a sentence below 120 months is not consistent with the Guidelines. More importantly, it is contrary to the sentence Congress required for the offense to which Mr. Ford pleaded guilty.

Mr. Ford contends that the court may, and should, apply the "safety valve" provision to avoid the mandatory minimum sentence. The safety valve provision is set forth in 18 U.S.C. § 3553(f), which "provides that, so long as five specified factors are met, courts must disregard a statutory minimum sentence and impose a lower sentence pursuant to the Guidelines." United States v. A.B., 529 F.3d 1275, 1283 (10th Cir. 2008). But Mr. Ford does not qualify for the safety valve because at least two of the § 3553(f) factors are not present in his case.

To be eligible for the safety valve, the defendant must have no more than one criminal history point. 18 U.S.C. § 3553(f)(1). Mr. Ford received six criminal history points in his Pre-Sentence Report. And the court will not re-visit his criminal history score during consideration of a motion brought under 18 U.S.C. § 3582(c). See, e.g., United States v. Peters, 524 F.3d 905,

907 (8th Cir. 2008) (declining to reconsider prisoner's criminal history score in § 3582(c) proceeding). Also, departure under the safety valve provision is only authorized if the Government makes such a recommendation to the court. 18 U.S.C. § 3553(f). Nothing in Mr. Ford's record shows any such recommendation from the Government. In short, "the court is [not] freed from the constraint of the mandatory minimum sentence by the safety valve provision." A.B., 529 F.3d at 1284.

While Mr. Ford emphasizes that United States v. Booker, 543 U.S. 200 (2005), made the Sentencing Guidelines advisory, that point does not help him here. According to the Tenth Circuit, Booker was a "cure for the constitutional infirmity of the mandatory Guidelines system [and] pertained to the scope of a district court's sentencing discretion under the Guidelines; it did not cast constitutional doubt on statutory mandatory minimums" and it had no effect on the statutory exceptions to mandatory minimum sentences imposed by Congress. A.B., 529 F.3d at 1282.

For all the foregoing reasons, Mr. Ford's motion for reconsideration (Dkt # 133) is DENIED.

SO ORDERED this 29th day of July, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge